IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

LOWELL KENDRICK, individually and on behalf of all others similarly situated,

        Plaintiff,

-against-

NCB MANAGEMENT SERVICES, INC.,

        Defendant.

---

Civil Action No.:

**CLASS ACTION COMPLAINT**

Plaintiff, LOWELL KENDRICK (hereinafter, "Plaintiff"), a Kentucky resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendant NCB MANAGEMENT SERVICES, INC. (hereinafter, "Defendant") individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of a class of Kentucky consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of Kentucky and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located at 1 Allied Drive, Trevose, Pennsylvania 19053.

9. Upon information and belief, Defendant is a company that uses the mail, email, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that

regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to August 5, 2019, Plaintiff incurred an alleged consumer debt to Republic Bank & Trust Co, which arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal or family medical purposes.

13. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. Some time prior to August 05, 2019, the alleged debt was sold to the Defendant.

15. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal or family medical purposes on behalf of creditors.

16. On or about August 5, 2019, Defendant sent to the Plaintiff an email regarding the alleged consumer debt. *See* **Exhibit A.**

17. This email was sent in connection with the collection of the alleged debt.

18. At no point prior to this email, did Plaintiff give Defendant pre-approval to send the email.

19. Sometime after August 5, 2019, Plaintiff received the email and read it.

20. The August 5, 2019 email stated in part: "You have a message waiting for you from NCB Management Services, Inc."

21. Defendant left a hyperlink for Plaintiff to click on for more information.

22. Plaintiff, unaware of who NCB Management Services, Inc., was fearful to click on a link from an unknown entity.

23. There a multitude of risks involved with clicking on a hyperlink from unknown senders. Some include *phishing*, a term for baiting consumers into sending them to a fake website in an attempt to obtain sensitive personal information, or using the hyperlink to infect your computer with malware or a virus that can capture passwords and credit card information.

24. Plaintiff had no obligation to click on the hyperlink, and in fact, was prudent to refrain from doing so.

25. Nowhere in the August 05, 2019 email did it state that the communication was from a debt collector.

26. Pursuant to §1692e of the FDCPA, a debt collector must disclose in communications in connection with the collection of a debt the communication is from a debt collector.

27. Majority of courts around the country and in this Circuit have held that a one way communication (such as a voicemail) from a debt collector is considered a communication in connection with the collection of a debt, and must include a statement that the communication is from a debt collector. See e.g.; *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08–cv–4857, 2010 U.S. Dist. LEXIS 25373, at *8–12, 2010 WL 1049935 (D.N.J. March 16, 2010); *Krug*, 2010 U.S. Dist. LEXIS 45850, at *5–8, 2010 WL 1875533; *Wong v. Green Tree Servicing, LLC*, No. 13–7887, 2014 U.S. Dist. LEXIS 124530, at *7–8, 2014 WL 4418077 (D.N.J. Sep. 5, 2014); *Foti*, 424 F. Supp. 2d at 657; *Inman v. NCO Fin. Sys.*, No. 08–cv–5866, 2009 U.S. Dist. LEXIS 98215, at *8–9, 2009 WL 3415281 (E.D. Pa. Oct. 21, 2009) ("This Court finds the *Foti* decision to be highly instructive, and therefore adopts

its reasoning."); *Wideman v. Monterey Fin. Servs.*, No. 08–1331, 2009 U.S. Dist. LEXIS 38824 at *5–6, 2009 WL 1292830 (W.D. Pa. May 7, 2009)(citing, among other authorities, Foti); *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322 (S.D. Fla. 2009) ("Courts generally consider voice mail messages from debt collectors to be 'communications,' even if the messages do not state what the calls are regarding").

28. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. Plaintiff was harmed by being subjected to deceptive and misleading collection practices, from which he had a substantive right to be free, by not being provided with information that he was statutorily obligated to be given, by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff would not be aware he was communicating with a debt collector and that all information would be used for that purpose.

29. On March 31, 2020 at 12:58am, Defendant again emailed the Plaintiff in connection with the collection of a debt. See **Exhibit B.**

30. Plaintiff, who gets a notification upon receipt of an email, was woken up by the email.

31. Pursuant to 15 U.S.C. § 1692(c) of the FDCPA, a debt collector may not communicate with a consumer in connection with the collection of a debt at any unusual time. In the absence of knowledge to the contrary, a debt collector shall assume that it is inconvenient to communicate between the hours of 9:00pm and 8:00am.

32. By emailing the Plaintiff at 12:58am, Defendant harmed the Plaintiff in the precise way that the FDCPA was hoping to prevent.

33. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## **CLASS ALLEGATIONS**

34. Plaintiffs bring this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

    CLASS A: The class consists of (a) all individuals with addresses in the State of Kentucky (b) to whom Defendant (c) sent an email in connection with the collection of a consumer debt (d) which did not disclose that the communication was from a debt collector (e) which email was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

    CLASS B: The class consists of (a) all individuals with addresses in the State of Kentucky (b) to whom Defendant (c) sent an email in connection with the collection of a consumer debt (d) at any time between 9:00pm and 8:00am local time (e) which email was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

35. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect debts.

36. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

37. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A,*** violate 15 U.S.C. §§ 1692c and/or 1692e.

38. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

39. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

40. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692c and/or 1692e.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff

        has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  (e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

41. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692c *et seq.***

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

45. Pursuant to Section 15 U.S.C. §1692c of the FDCPA, a debt collector may communicate with a consumer at an unusual time.

46. The Defendant violated said provision by communicated with the Plaintiff at an unusual time.

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e..

50. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. The Defendant violated said provision by:

    a) using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e(10);

      b) failing to disclose that the communication was from a debt collector attempting to collect a debt in violation of 15 U.S.C. §1692e(11).

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Awarding Plaintiff and the Class statutory damages;

    (b)    Awarding Plaintiff and the Class actual damages;

    (c)    Awarding Plaintiff and the Class costs of this Action, including reasonable attorneys' fees and expenses;

    (d)    Awarding pre-judgment interest and post-judgment interest; and

    (e)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 8, 2020

By:   /s/ Ari Marcus
        Ari Marcus, Esq.
        MARCUS & ZELMAN, LLC
        701 Cookman Avenue, Suite 300
        Asbury Park, New Jersey 07712
        (732) 695-3282 telephone
        (732) 298-6256 facsimile
        yzelman@marcuszelman.com
        *Attorney for Plaintiff*